UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLLENE M. PLACIDE,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>WASHINGTON STATE BAR<br>ASSOCIATION and WASHINGTON<br>STATE SUPREME COURT,<br><br>　　　　　　　Defendants. | No. C17-0851RSL<br><br><br>ORDER DENYING MOTION FOR<br>TEMPORARY RESTRAINING<br>ORDER |

This matter comes before the Court on plaintiff's "Motion for Temporary Restraining Order to Stay Washington Supreme Court Order Pending Appeal." Dkt. # 1. On May 26, 2017, the Supreme Court of Washington suspended plaintiff from the practice of law effective today, June 2, 2017. Dkt. # 2-1. The suspension was entered pursuant to Rule for Enforcement of Lawyer Conduct 7.2(a)(2) and is to remain in effect until the Supreme Court has an opportunity to resolve plaintiff's appeal of the Washington State Bar Association's recommendation that plaintiff be disbarred. Plaintiff seeks to stay the interim suspension, arguing that it violates her due process rights and will cause irreparable harm to her reputation.

Although the procedure for obtaining a temporary restraining order differs from that which is applicable in the preliminary injunction context, the factors considered by the Court are the same. In order to obtain preliminary injunctive relief, plaintiff must establish "that [s]he is

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER

likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). In the Ninth Circuit, "if a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two Winter factors are satisfied." Feldman v. Ariz. Sec. of State's Office, 843 F.3d 366, 375 (9th Cir. 2016) (quoting Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir. 2013)) (internal quotation marks omitted, emphasis in original).

Plaintiff has failed to make the showing necessary to obtain preliminary injunctive relief. Plaintiff makes no effort to support or substantiate her conclusory allegation that her due process rights were violated. Whether plaintiff is asserting a procedural or substantive due process claim is unclear, and she has not provided facts from which one could infer that the disciplinary procedures of the State of Washington deprived her of notice or an opportunity to be heard or that the manner in which defendants handled the complaint against her was arbitrary and capricious. Having failed to adequately allege a constitutional deficiency, plaintiff has not shown a likelihood of success on the merits or raised serious questions regarding her underlying constitutional claim.

For all of the foregoing reasons, plaintiff's request for a temporary restraining order is DENIED.

Dated this 2nd day of June, 2017.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER

-2-