UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
CARLLENE M. PLACIDE,                ) No. C17-0851RSL
                                    )
                  Plaintiff,        )
        v.                          )
                                    ) ORDER TO SHOW CAUSE
WASHINGTON STATE BAR                )
ASSOCIATION and WASHINGTON          )
STATE SUPREME COURT,                )
                                    )
                  Defendants.       )
_____)

This matter comes before the Court *sua sponte*. On May 26, 2017, the Supreme Court of Washington suspended plaintiff from the practice of law while it reviews the Washington State Bar Association's recommendation that plaintiff be disbarred. Plaintiff "appeals" the interim suspension based on an assertion that her due process rights have been violated. The Court has reviewed plaintiff's complaint and motion for temporary restraining and hereby ORDERS plaintiff to SHOW CAUSE why this case should not be dismissed under Younger v. Harris, 401 U.S. 37 (1971).

Plaintiff requests that this Court intervene in an on-going state judicial proceeding to vacate or stay execution of the Supreme Court's interim suspension order. While the Court has equitable power to enjoin constitutional violations occurring in the state system, whether that power should be exercised must be determined with reference to principles of federal-state

ORDER TO SHOW CAUSE

comity. <u>Goodrich v. S. Ct. of State of S.D.</u>, 511 F.2d 316, 317 (8th Cir. 1975). The United States Supreme Court has described comity as:

> a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. . . . The concept does not mean blind deference to "States' Rights" any more than it means centralization of control over every important issue in our National Government and its courts. The Framers rejected both these courses. What the concept does represent is a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

<u>Younger v. Harris</u>, 401 U.S. 37, 44 (1971). The normal course when federal courts are asked to enjoin pending state proceedings is to deny the request and insist that plaintiff first pursue her defenses before the state court. <u>Id.</u> at 45. An injunction will issue only if plaintiff shows "extraordinary circumstances, where the danger of irreparable loss is both great and immediate" and "it plainly appears" that plaintiff will be unable to pursue her defenses in state court. <u>Id.</u> Absent such a showing, the Court should decline to exercise jurisdiction over the matter.

As discussed in the "Order Denying Motion for Temporary Restraining Order," plaintiff's assertion of a constitutional deprivation is conclusory and unsupported by any factual allegations or argument. Nor is there any indication that plaintiff has asserted her due process challenge in the state court system. Regardless of whether plaintiff is asserting that it is improper to suspend an attorney before the disciplinary process is complete, that the disciplinary procedures of the State of Washington deprived her of notice or an opportunity to be heard, or that the manner in which defendants handled the complaint against her was arbitrary and capricious, those arguments could and should be raised in the state system. The Supreme Court was willing to modify the original suspension order at plaintiff's request, and the Court will not presume that it

ORDER TO SHOW CAUSE

-2-

is unable or unwilling to evaluate the constitutional adequacy of the state disciplinary procedures. In the circumstances presented here, any interference of this Court in the legitimate activities of the state appears to be undue and unreasonable.

Plaintiff shall file her response to this Order to Show Cause on or before June 22, 2017. Failure to articulate a viable constitutional claim and "extraordinary circumstances" justifying interference in the state proceeding will result in dismissal of this action under the Younger abstention doctrine. The Clerk of Court is directed to note this matter on the Court's calendar for Friday, June 23, 2017.

Dated this 8th day of June, 2017.

Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE
-3-